JUSTICE McKINNON,
concurring.
¶28 I agree with the Court that the District Court’s termination of Father’s parental rights to J.B. pursuant to § 41-3-609(l)(f), MCA, was not an abuse of discretion; that there was substantial evidence in the record supporting the court’s findings; and that the court correctly applied the law. The evidence establishes that, although not required given the provisions of § 41-3-609(4)(c), MCA, an appropriate treatment plan was approved by the court, but was not successful because Father remained unfit and unable to provide J.B. with parental care. I would affirm the District Court, however, on the alternative basis that Father had his rights to J.B.’s sibling, E.B., involuntarily terminated and that the circumstances relating to the prior termination were relevant to his ability to adequately care for J.B.
¶29 The applicable criteria for termination of Father’s rights are set forth in § 41-3-609(l)(a-f), MCA.[1] The State relied upon two of the criteria in its petition seeking termination: subsection (l)(f) — that J.B. was adjudicated a Youth in Need of Care, an appropriate treatment plan was approved, but unsuccessful, and Father’s condition was not likely to change within a reasonable time; and subsection (l)(d) — that Father had subjected a child to the circumstances listed in § 41-3-423(2)(e), MCA, in that Father had his “parental rights to [E.B.] *56 involuntarily terminated and the circumstances related to the termination of parental rights are relevant to Father’s ability to adequately care for [J.B.].” We have explained that “[a] prior termination, followed by a parent’s demonstration of continuing unfitness, indicates that decisive termination of parental rights is the best way to protect a child’s welfare.” In re J.W., 2013 MT 201, ¶ 39, 371 Mont. 98, 307 P.3d 274 (internal quotation and citation omitted); In re T.S.B., 2008 MT 23, ¶ 48, 341 Mont. 204, 177 P.3d 429 (citation omitted) (“circumstances of a prior termination continue to be relevant in a later termination of a sibling under §§ 41-3-609(1)(d) and 41-3-423(2)(e), MCA, unless the circumstances have changed”); In re A.H.D., 2008 MT 57, ¶ 21, 341 Mont. 494, 178 P.3d 131; In re A.P., 2007 MT 297, ¶ 30, 340 Mont. 39, 172 P.3d 105.
¶30 In Father’s prior termination for abandoning E.B., Father chose not to participate in the legal proceedings and, as here, was unwilling to put the needs of E.B. ahead of his own interests. As here, Father was unavailable to parent E.B. because of criminal activity, including periods of incarceration, and demonstrated a lack of initiative or interest in parenting E.B. Father ignored efforts by the Department to establish visits and contact with E.B. and ignored court orders to appear at the prior termination proceeding, just as he has ignored court orders relevant to these proceedings. In the instant proceedings, Father testified he has five children, ages ten and younger — one of whom is deceased and one of whom his rights have been terminated. Father’s parenting with respect to two of his other children has been limited to occasionally “writing letters,” a few visits in between periods of incarceration, and phone calls. However, those communications are not recent because Father is uncertain about where those children, C. and X., live because he has “lost contact” with their respective moms. Father has failed to adequately provide for his children by remaining unemployed or incarcerated and demonstrates inadequate initiative to provide parental care for his children.
¶31 The District Court listened to this testimony and took judicial notice of two sentences for which Father would remain incarcerated for several years. Father, with respect to all of his children, has never parented and demonstrates a clear propensity to engage in criminal behavior knowing the consequences of incarceration will remove him from his children’s lives. The District Court’s finding that the circumstances leading to the prior termination of Father’s rights to E.B. remained relevant is supported by substantial evidence in the record which establishes Father has refused to take the initiative to parent any of his children. Father’s termination of E.B. was a result of *57 his demonstrated lack of interest and inability to make himself available to E.B. and is probative of Father’s conduct in the instant proceedings — Father has similarly chosen to be absent from J.B.’s life and remains unavailable to parent.
¶32 The guiding principle in determining whether to terminate parental rights is always the best interests of the child and the district court is bound to give primary consideration to the physical, mental, and emotional conditions and needs of the child — which take precedence over parental rights. Section 41-3-609(3), MCA; In re K.J.B., 2007 MT 216, ¶ 29, 339 Mont. 28, 168 P.3d 629. Here, there was substantial evidence to support the District Court’s findings that the circumstances surrounding Father’s prior termination remained relevant to his inability to parent J.B. Indeed, I believe Father’s lack of initiative to make the necessary changes in his life to adequately parent was exhibited in both termination proceedings. The termination criteria set forth in §§ 41-3-609(l)(d) and -423(2)(e), MCA, and relied upon by the District Court, is supported by substantial evidence.

 I believe this Court incorrectly stated in A.T., that “[the Department] could have requested termination of father’s parental rights pursuant to § 41-3-609(4)(e), MCA.” AT., ¶ 23. The criteria for termination are set forth in subsection (1) of § 41-3-609, MCA, and not subsection (4)(c). Section 41-3-609(4)(c), MCA, addresses whether a treatment plan is required in evaluating criteria pursuant to (l)(f), and does, not by itself, establish a basis for termination.